**PHILLIPS & BATHKE, P.C**
A T T O R N E Y S

**Jonathan L.A. Phillips**
jlap@pb-iplaw.com
309 834 2296
Shareholder

June 27, 2025

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
Courtroom 521
White Plains, New York 10601-4150
by ECF

Re:    Response to Defendant's Letter Motion (ECF 79)l
       *Shaffer v. Kavarnos*
       Case No. 23-cv-10059(KMK)

Dear Judge Karas:

Defendant's latest letter exemplifies the very maneuvering that has plagued this case from the start. This Court should deny the request and proceed to trial.

I. This Is Not a Rule 12(c) Motion

What Kavarnos seeks is not a motion for judgment on the pleadings. It is a motion to dismiss. When this Court properly advised that answering waived Kavarnos's right to move to dismiss, counsel simply rebranded a motion to dismiss as a "Rule 12(c)" filing. Kavarnos waived her dismissal rights by answering, and no amount of relabeling changes that fundamental procedural reality.

II. The Motion Is Untimely and Designed to Delay Trial

As Plaintiff has argued and the Court concluded, even if Kavarnos' motion truly was a Rule 12(c) motion, it is untimely. Even if this Court were to grant the motion (which it should not), Kavarnos ignores that Shaffer would be able to replead. The timeline reveals the strategic maneuvering: a ruling Tuesday, repleading Wednesday, answer Thursday, with Friday being July 4th, and trial on Monday. Obviously such a schedule could not hold. This transparent attempt to delay trial should not succeed.

Kavarnos made calculated choices throughout this litigation. She chose not to move to dismiss initially. She chose not to depose. She chose not to participate meaningfully in pretrial preparations—twice. Her strategy failed. The consequence is trial, not endless procedural maneuvering. Notably, Kavarnos herself seeks a determination "on the merits." ECF Doc. 79, p. 2. Trial provides exactly that.

---

**Peoria**
300 Northeast Perry
Peoria, Illinois 61603
309 834 2296

**Chicago**
53 West Jackson Boulevard
Suite 1126
Chicago, Illinois 60604
708 967 5293

Hon. Kenneth M. Karas
Page 2
06/27/2025

III. This Simple Bench Trial Can Conclude in Two Days

With Plaintiff's withdrawal of her jury demand, this case involves two witnesses in a straightforward bench trial. Even accounting for Kavarnos's obstructionist tactics, trial will take one or two days maximum.

Those tactics merit attention. During the pretrial conference, Kavarnos refused to stipulate to basic, undisputed facts. She would not stipulate that she lives in this District. She would not even stipulate that Shaffer used clips from Kavarnos's videos—a fact that helps Kavarnos's defense. This pattern of continuing reflexive obstruction has consumed more time than the trial itself will require.

Kavarnos has used more judicial resources on iterative motions and letters than trial will consume. She has forced Plaintiff to expend significant resources responding to meritless procedural challenges. This pattern of delay and obstruction should end.

Conclusion

The Court has repeatedly and correctly denied Kavarnos's attempts to avoid trial. Her latest effort deserves the same fate. After two years of litigation, basic fairness demands that this straightforward dispute proceed to its natural conclusion: a brief trial on the merits.

Sincerely,
**Phillips & Bathke, P.C.**, by

/jlap/

Jonathan Phillips